**Robert B. NIX, Plaintiff and Appellant,**

v.

**Samuel W. SMITH, Warden, Utah State Prison, Defendant and Respondent.**

**No. 13855.**

Supreme Court of Utah.

Sept. 15, 1975.

———

Phil L. Hansen, Phil L. Hansen & Associates, Salt Lake City, for plaintiff and appellant.

Vernon B. Romney, Atty. Gen., William W. Barrett, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

HENRIOD, Chief Justice:

Appeal from the denial of a petition for writ of habeas corpus. Affirmed.

Nix pleaded guilty to a charge of issuing a bad check. The trial judge, on May 20, 1970, obviously in an effort to help and to extend this man a break, gave him six months in the county jail, and with three months he had already served, put him on probation, and gave him credit for *three more months* for good time (a highly unusual gratuity). Two weeks after this probationary gift, and on September 4th, at *defendant's request,* he was permitted to go to Illinois, while still on probation, under the then existing Interstate Probation Act, Title 77–62–39 to 45, Utah Code Annotated, 1953. Three months later, on December 21, 1972, he was adjudged a probation violator and taken into custody. He was delivered to a custodian from Utah, whose credentials and authority were accepted, and to which no objection was made at that time or before the instant case. After a clerical error in sentence had been corrected, he was sentenced to the term applicable to the admitted worthless check charge.

Nix now says he was 1) denied his constitutional rights since the act was violated, to which contention we do not subscribe; 2) was denied due process for lack of hearing before being returned to Utah, to which we do not espouse,—warranting our conclusion perhaps on another Constitutional principle that you don't look a gift horse in the mouth; 3) that he was unlawfully surrendered to the extraditing officer, which we cannot entertain for lack of proof; and 4) that he was sentenced twice for the same crime, which simply is not so, as is clearly reflected in the record.

Two other points on appeal, we feel, are impotent for lack of substance, and somewhat hypertechnical. We think the defendant may have erred in this case, but not the trial court.

ELLETT, CROCKETT, TUCKETT and MAUGHAN, JJ., concur.